516 P.2d 1400

**PEOPLES FINANCE & THRIFT COMPANY OF OGDEN, a Utah corporation, dba Peoples First Thrift, Plaintiff and Appellant,**

v.

**Robert J. PERRY and Douglas Higgins, Defendants and Respondents.**

**No. 13294.**

Supreme Court of Utah.

Dec. 12, 1973.

---

2. State v. Crowder, 114 Utah 202, 197 P.2d 917; State v. Anderson, 202 Kan. 52, 446 P.2d 844.

3. People v. Ikerd, 26 Ill.2d 573, 128 N.E.2d 12.

Virginius Dabney of Moyle & Draper, Salt Lake City, for plaintiff and appellant.

David J. Knowlton, Salt Lake City, for defendants and respondents.

TUCKETT, Justice:

The plaintiff initiated these proceedings in the court below seeking to recover the balance due on a promissory note and to foreclose its interest in a security agreement covering a Chevrolet truck. The court awarded judgment on the note but decided that the plaintiff was not entitled to foreclose its interest in the security. The court in effect ruled that the plaintiff had to elect either to take a money judgment or possession of the security. Plaintiff is here seeking a reversal of that part of the court's decision which denied the plaintiff the right to sell the truck at a private or public sale pursuant to the terms of the security agreement and for a deficiency judgment awarded if the sale did not satisfy the judgment.

The decision of the lower court is correct if the transaction falls within the provisions of Section 70B–5–103, pertinent parts of which are as follows:

(2) If the seller repossesses or voluntarily accepts surrender of goods which were the subject of the sale and in which he has a security interest and the cash price of goods repossessed or surrendered was $1,000 or less, the buyer is

not personally liable to the seller for the unpaid balance of the debt arising from the sale of the goods, and the seller is not obligated to resell the collateral.

\* \* \* \* \* \*

(6) If the seller elects to bring an action against the buyer for a debt arising from a consumer credit sale of goods or services, when under this section he would not be entitled to a deficiency judgment if he repossessed the collateral, and obtains judgment

(a) he may not repossess the collateral, and

(b) the collateral is not subject to levy or sale on execution or similar proceedings pursuant to the judgment.

The facts surrounding the transaction here under consideration are generally not in dispute. On February 3, 1972, the defendant Robert J. Perry borrowed money from the plaintiff in order to purchase a Chevrolet truck. The defendant Douglas Higgins cosigned the note with Perry. Perry also executed a security agreement on the truck he was purchasing with the proceeds of the loan. The loan was made to Perry prior to the purchase transaction. A consumer credit sale is defined by Section 70B–2–104, U.C.A.1953, in the following language:

(1) Except as provided in subsection (2), "consumer credit sale" is a sale of goods, services, or an interest in land in which

(a) credit is granted by a seller who regularly engages as a seller in credit transactions of the same kind,

. . . . . .

It is the plaintiff's contention that the transaction with the defendants was a consumer loan. The term "consumer loan" is defined by Section 70B–3–104, U.C.A.1953, in the following language:

(1) Except with respect to a loan primarily secured by an interest in land (section 70B–3–105), "consumer loan" is a loan made by a person regularly engaged in the business of making loans in which

(a) the debtor is a person other than an organization;

(b) the debt is incurred primarily for a personal, family, household, or agricultural purpose;

(c) either the debt is payable in installments or a loan finance charge is made: . . .

The word "loan" is defined by Section 70B–3–106, U.C.A.1953, as follows:

(1) the creation of debt by the lender's payment of or agreement to pay money to the debtor or to a third party for the account of the debtor;

(2) the creation of debt by a credit to an account with the lender upon which the debtor is entitled to draw immediately;

(3) the creation of debt pursuant to a lender credit card or similar arrangement; and

(4) the forbearance of debt arising from a loan.

The restrictions of Section 70B–5–103 apply only to consumer credit sales and not to consumer loans. The facts in the instant case show that the plaintiff was engaged in lending money but there is nothing to show that the plaintiff was regularly engaged "as a seller in credit transactions of the same kind." The fact that the loan was arranged for by Perry in advance of the transaction and the proceeds of the loan in the form of a check drawn by the plaintiff were payable to Perry and to the automobile dealer, would not tend to show that the transaction was other than a loan. The facts surrounding the sale would not tend to show that the plaintiff and the defendant Perry were engaged in the sales transaction as joint venturers. We are of the opinion that the transaction was a consumer loan rather than a consumer sale. While the effect of our decision may tend to create a loophole whereby those engaged in the sales of goods may escape the restrictions of Section 70B–5–103, we believe it is a matter for the legislature to deal with rather than the courts.

That part of the judgment of the court below which required the plaintiff to make an election to either repossess the security or to reduce the promissory note to judgment, is reversed. No costs awarded.

CALLISTER, C. J., and HENRIOD and ELLETT, JJ., concur.

CROCKETT, Justice (dissenting).

Section 70B–5–103, U.C.A.1953, was enacted for the purpose of preventing oppressions which often result in connection with the repossession of goods sold under title-retaining sales agreements and the persistence in further collection on the purchase price, costs and attorneys' fees as provided in such agreements. The remedies provided therein are usually in fine print, unwittingly agreed to by purchasers who are uninformed, and/or in many instances unable to bargain at arm's length anyway. The statute is purposed to minimize injustices by giving the seller his option; to repossess the goods and keep what has been paid thereon; or to sue for the purchase price, but not to allow him both.

The trial court correctly saw through the instant transaction as but a subterfuge to avoid the effects of the statute just referred to. It is plainly apparent that the plaintiff was fully aware of and participating therein from the fact that the plaintiff made its check, not to Perry as it would have done under a separate, independent

286

and unrelated loan, but made it to Perry *and* the automobile dealer. Thus the trial court was correct in determining that plaintiff was particeps to the "consumer credit sale"; and in concluding that its rights are governed by said Section 70B–5–103. The main opinion is correct in characterizing itself as a "loophole" through which those engaged in the business can circumvent what the legislature intended as a salutary effect of that statute. I decline to join therein. I would affirm the judgment.